**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| DERRICK J. SMITH,<br>Plaintiff,<br><br>v.<br><br>RICHLAND COUNTY, *as the entity owning and operating the Alvin S. Glenn Detention Center*; CRAYMAN HARVEY, *in his Individual and Official Capacity as Director of the Alvin S. Glenn Detention Center*; SHERIFF LEON LOTT, *in his Official Capacity as Sheriff of the Richland County Sheriff's Office*; SHERIFF EZELL BROWN, *in his Official Capacity as Sheriff of the Newton County Sheriff's Office*; DEPUTY TAVON M. POLK, *in his Individual Capacity*; LIEUTENANT CHIQUITA DAWKINS-WEST, *in her Individual Capacity*; LIEUTENANT KEENAN LEVANT, *in his Individual Capacity*; JOHN DOE CORRECTIONAL OFFICERS, *in their Individual Capacities*; TRACY GUNRAJ, *in her Individual Capacity*; and JOHN DOE NEWTON COUNTY DEPUTIES, *in their Individual Capacities*,<br>Defendants. | § | Civil Action No. 3:25-6631-MGL-PJG |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART,**
**DECLINING TO ADOPT IT IN PART,**
**AND ADJUDICATING DEFENDANTS' MOTIONS TO DISMISS**
**AS SET FORTH BELOW**

## I. INTRODUCTION

Plaintiff Derrick J. Smith brought this lawsuit in Richland County against the various defendants listed above. It stems from his allegedly mistaken arrest by Richland County in 2023 based on a warrant from Newton County, Georgia. He was held in the Richland County jail for over a week before being released.

The South Carolina Defendants are Richland County, Richland County Sheriff Leon Lott, Deputy Tavon M. Polk, Director Crayman Harvey, Lieutenant Chiquita Dawkins-West, Lieutenant Keenan Levant, and John Doe Correctional Officers. The remaining defendants are Newton County Sheriff Ezell Brown, Tracy Gunraj, and multiple John Doe Newton County Deputies (collectively, Newton County Defendants).

Plaintiff asserts state law claims for gross negligence and false arrest/imprisonment, along with claims of Fourth, Eighth, and Fourteenth Amendment violations brought under 42 U.S.C. § 1983. This Court has federal question jurisdiction over Smith's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state claims in accordance with 28 U.S.C. § 1367. All of the defendants except Sheriff Lott, Deputy Sheriff Polk, and the John Doe Correctional Officers filed motions to dismiss.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court deny the Newton County Defendants' motions and grant the motion by Harvey, Dawkins-West, and Levant (collectively, Jail Defendants), which was joined by Richland County itself. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

Accepting the facts alleged in the complaint as true, on November 13, 2023, Defendant Richland County Deputy Sheriff Tavon M. Polk performed a routine traffic stop on Plaintiff. Ultimately Polk arrested Plaintiff based upon an outstanding arrest warrant from Newton County, Georgia for a "Derrick Smith."

As eventually became clear, Plaintiff and the Derick Smith referred to in the Newton County warrant are different people. The arrest warrant contained a picture of the other Smith, along with other identifying features. Plaintiff and the other Smith have different heights, weights, tattoos, and appearances, but they are both bald black men with beards.

Despite repeated assertions Polk had arrested the wrong man, Plaintiff was transported to Richland County's Alvin S. Glenn Detention Center (ASGDC). He was booked into the jail around 3:30 in the morning, and Plaintiff alleges ASGDC employees "took no actions at the time of Plaintiff's booking into ASGDC to confirm Plaintiff was the 'Derrick Smith' for whom the arrest warrant was issued by [Newton County]." Complaint ¶ 51. In the following days, Plaintiff continued to assert he was arrested mistakenly, and many of his friends and family contacted various defendants with similar statements.

Over a week later, on or about November 21, 2023, Defendant Tracy Gunraj, an employee of the Newton County Sheriff's Office, "emailed ASGDC records department with a photo of the 'Derrick Smith' for whom the arrest warrant was issued." Complaint ¶ 76. Plaintiff alleges "no Defendants [or their employees] ever attempted to look at, request, or provide" the other Smith's photo prior to November 21, even though it was publicly available online. Complaint ¶¶ 79-80.

The following day, on November 22, 2023, "Defendant Dawkins-West replied to Defendant Gunraj's email and confirmed that the photo sent by Defendant Gunraj . . . was not the

Plaintiff . . . ." Complaint ¶ 13. Several internal communications between ASGDC employees followed, where all agreed Plaintiff had been arrested by mistake. Ultimately, Plaintiff was released from custody later that day and thereafter filed suit.

After removal to this Court, Richland County and the Jail Defendants jointly filed a motion to dismiss. Plaintiff filed a response, to which Richland County and Jail Defendants replied. The Newton County Defendants each filed motions to dismiss on the sole basis this Court lacks personal jurisdiction over them. Again, Plaintiff filed a response, and the Newton County Defendants filed a reply.

In the Report, the Magistrate Judge recommends denying the Newton County Defendants' motions as untimely and granting Richland County and the Jail Defendants' motion to dismiss. Plaintiff filed his objections to the recommendation to grant the motion to dismiss by Richland County and the Jail Defendants, to which they filed a reply. The Newton County Defendants all failed to file objections.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether the Court will adopt the portions of the Report without objections*

The Magistrate Judge filed the Report on January 21, 2026. To date, the Newton County Defendants have failed to file any objections to the Report. Because they failed to object, and the recommendation to deny their motions appears correct, the Court will adopt this portion of the Report and incorporate it herein.

Similarly, the Magistrate Judge recommends dismissing the state law claims brought against Defendant Harvey because they are barred by the South Carolina Tort Claims Act (SCTCA). Plaintiff fails to object to this recommendation, which appears to the Court to be correct, so the Court will adopt and incorporate this portion of the Report herein, too.

### *B. Whether the SCTCA bars Plaintiff's remaining state-law claims*

Plaintiff brings the remaining claims under state law for gross negligence and false arrest/imprisonment against Richland County. The Magistrate Judge recommends dismissing these claims on the basis they are barred by the SCTCA.

With several important exceptions, the SCTCA "waives immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." *Pike v. S.C. Dep't of Transp.*, 540 S.E.2d 87, 90 (S.C. 2000). Here, Plaintiff has expressly recognized the Jail Defendants were acting within the scope of their employment with Richland County. Obj. at 12. Because Richland County is a subdivision of the state, the SCTCA

waives sovereign immunity unless an exception applies. *See* S.C. Code Ann. § 15-78-60 (enumerating forty exceptions for which the "governmental entity is not liable").

The Magistrate Judge recommends holding subsection 15-78-60(3) bars these claims because they concern a loss allegedly resulting from "execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process." § 15-78-60(3). The Magistrate Judge explained, "[e]ven assuming the Jail Defendants were negligent in failing to timely confirm that they had the proper person in custody with respect to the Georgia warrant, the state has not waived . . . sovereign immunity for such claims." Report at 5.

***1. Whether the waiver exception in S.C. Code Ann. § 15-78-60(3) applies***

Plaintiff objects to the Magistrate Judge's suggestion subsection (3) is inapplicable to this case and argues she "conflates 'implementing a warrant for Person A' with 'detaining Person B who is not Person A.'" Obj. at 5. He explains:

> The "order" here—the arrest warrant—was an order to arrest and detain a specific person who matched the physical description and photograph on the warrant. Plaintiff was never that person nor looked like that person. . . . An arrest warrant for an individual named "John Doe" that contains a photograph with identifying information does not authorize the arrest of any person named "John Doe."

Obj. at 5. Thus, Plaintiff argues "immunity under S.C. Code Ann. § 15-78-60(3) does not extend to detaining persons whom the warrant does not describe." Obj. at 6.

This objection must be rejected because his argument is, as the Magistrate Judge put it, "belied by the plain language of the statute." Report at 6. Subsection (3) applies to the "execution, enforcement, or implementation of the orders of any court," and Plaintiff specifically alleged Polk "plac[ed] him under arrest for the arrest warrant issued by [Newton County]." Compl. ¶ 39. Plaintiff also recognizes—as quoted above—the arrest warrant is a court order. Obj. at 5. Thus,

Polk was executing or implementing a court order, and therefore the exception and immunity apply.

Plaintiff insists this straightforward interpretation of the statute "would render meaningless the identifying information in warrants." Obj. at 5. The Court doubts such a result follows from this construction. In any event, "the statute's language is plain and unambiguous, and conveys a clear and definite meaning," and therefore "the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey*, 533 S.E.2d 578, 581 (S.C. 2000) (quoting *In re Vincent J.*, 509 S.E.2d 261, 262 (S.C. 1998)). Accordingly, this objection will be overruled.

***2. Whether the arrest warrant was valid***

Plaintiff's second objection is the Magistrate Judge "improperly assumed . . . the Newton County arrest warrant was valid as to the Plaintiff, in violation of the motion to dismiss standard." Obj. at 6. He argues, "Instead of accepting Plaintiff's allegations that the warrant did not authorize his detention, the Magistrate Judge assumed the opposite—that the warrant was 'valid'—and built the entire analysis on this assumption." Obj. at 6. Plaintiff maintains that because the warrant was invalid as to him, "[d]etaining [him] was not 'implementation'" of the warrant, and therefore subsection 15-78-60(3) is inapplicable. Obj. at 5.

As an initial point, the validity of the warrant is a legal conclusion. Thus, the Court is without obligation to accept as true his allegation the warrant was invalid. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

Moreover, this argument is similar to his contention addressed above suggesting the warrant "does not extend to detaining persons whom the warrant does not describe." Obj. at 6. It

is flawed for the same reasons. A warrant is either valid or invalid, and its validity depends only on its compliance with the relevant requirements for its creation. *See Gist v. Berkeley Cnty. Sheriff's Dep't*, 521 S.E.2d 163, 167 (S.C. Ct. App. 1999) (holding subsection (3) was inapplicable to a Sheriff's Department "allegedly securing the warrant without probable cause," because obtaining a warrant "does not arise from the 'execution, enforcement, or implementation'" of the warrant).

Plaintiff is therefore mistaken in his assertion the warrant needed to be "valid as to [him]." Obj. at 7. As the defendants write in reply to his objections,

> [T]he fact remains that the warrant itself was valid, and the arresting officers possessed probable cause to execute the warrant as written. Plaintiff offers no authority to suggest the subsequent events or alleged errors in execution retroactively invalidate a warrant that was valid on its face . . . .

Reply to Obj. at 4. Plaintiff has failed to ever suggest the warrant was invalid *in toto*. *See* Memo. in Opp. to Richland County and Jail Defendants' Mot. at 14 ("[T]he Plaintiff is not necessarily disputing that the Newton County warrant was facially valid."). As such, the Magistrate Judge made no error in assuming it was valid. The Court will overrule the objection and grant the motion to dismiss as to the claims under state law because they are barred by the SCTCA.

***C. Whether Plaintiff states a § 1983 claim for a Fourth Amendment violation***

Plaintiff's other cause of action is under 28 U.S.C. § 1983, and he alleges violations of the Fourth, Eighth, and Fourteenth Amendments. Richland County and the Jail Defendants have moved to dismiss the claim as to all of the alleged violations.

***1. Whether the Fourth Amendment is applicable to Plaintiff's claims***

Plaintiff objects to the Magistrate Judge failing to consider his § 1983 claim alleging a Fourth Amendment violation pursuant to *Manuel v. City of Joliet*, 580 U.S. 357 (2017). Plaintiff is correct the Magistrate Judge "does not cite or analyze *Manuel*, despite its direct applicability to

pretrial detention claims." Obj. at 10. Similarly, Richland County and Jail Defendants also fail to address *Manuel* in their reply to Smith's objections and their reply in support of their motion.

In *Manuel*, the plaintiff was wrongfully detained pursuant to a warrant after officers allegedly falsified lab results to indicate he possessed illegal narcotics. 580 U.S. at 360-61. A judge determined there was probable cause for his arrest and detention based on the fabricated results, and the plaintiff was held for forty-eight days before he was released. 580 U.S. at 361-62. A lower court prohibited his claim brought under the Fourth Amendment for the allegedly unlawful pretrial detention because it believed such claims, where there had been legal process, were required to proceed under the Fourteenth Amendment's Due Process Clause. 580 U.S. at 363-64.

The Supreme Court reversed because the Fourth Amendment protects against unreasonable seizures, and the plaintiff alleged he was unreasonably detained—seized—"based solely on false evidence." 580 U.S. at 364. In rejecting the Seventh Circuit's conclusion remedy could lie only with the Due Process Clause, the Court held, "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Id.*

*Manuel* clearly holds a Fourth Amendment claim is possible under § 1983 for pretrial detention, even detention pursuant to a warrant and a probable cause hearing. Therefore, to the extent Plaintiffs' objection is to the failure to consider *Manuel*, the Court will sustain the objection.

Because the Magistrate Judge concluded Plaintiff failed to establish a constitutional violation, she declined to consider Defendants' other arguments in support of their motion. The Court will consider them now.

### *2. Whether there was probable cause to arrest and detain Plaintiff*

The Court begins with Plaintiff's claim. Plaintiff asserts he "is permitted to challenge his pretrial detention under the Fourth Amendment because there was never probable cause to detain him based on the Newton County arrest warrant." Obj. at 11. In the complaint, Plaintiff expressly alleges he was "held against his will without probable cause" and the defendants "lacked the probable cause to lawfully arrest or detain Plaintiff." Compl. ¶¶ 134, 136.

Of course, the allegation they lacked probable cause is a purely legal conclusion this court is without obligation to accept as true, as noted above. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). But, it is a clear allegation under the Fourth Amendment, and thus *Manuel* may permit the claim.

Therefore, the question becomes whether Plaintiff has alleged facts from which it is plausible to infer these defendants lacked probable cause to detain him. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) (alteration in original) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

Plaintiff alleges in the complaint once Polk discovered the arrest warrant for the other Derrick Smith, Plaintiff informed "Polk that he was not the 'Derrick Smith' for whom the arrest warrant was issued, and that he had never been in Newton County, Georgia." Compl. ¶ 30. He alleges the warrant "contained a photograph, the social security number, last known address, date of birth, build, and known tattoos of the actual 'Derrick Smith' for whom the arrest warrant was issued." Compl. ¶ 29.

Also, according to the complaint, the warrant states the other Smith is six feet tall and has multiple tattoos, "three on his right arm and one on his left arm." Compl. ¶¶ 34, 36. Plaintiff, on the other hand, is only five-foot-seven, and he "does not have any of the tattoos described in the NCSO warrant." Compl. ¶¶ 35, 37. Finally, the complaint includes photographs of the Plaintiff and the other Smith, which he alleges show they "look[] vastly different" from one another. Compl. ¶ 48.

Although the Court is disinclined to say they look "vastly different," the photographs in the complaint make clear these are certainly two different men. Given those differences, Plaintiff's assertions of innocence and mistaken identity, and the substantial distance from where the warrant was issued, it is plausible to conclude Polk may have lacked probable cause to believe Plaintiff was the Smith for whom the warrant was issued. Thus, he may have lacked probable cause to believe Plaintiff committed a crime, and his arrest may have been unlawful. *See Manuel*, 580 U.S. at 367 ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause.").

All of these facts are initially stated in the complaint describing Polk's knowledge and potential lack of probable cause. The complaint is clear, however, the exact same information was available to the Jail Defendants when Plaintiff was initially booked into ASGDC and when he made his repeated protests over the following week-and-a-half. Therefore, it is plausible Richland County and the Jail Defendants may have lacked probable cause to detain Plaintiff.

The Court is inclined to agree with Plaintiff at this stage and deny the motion to dismiss in this regard. Richland County and the Jail Defendants maintain, however, they "had no authority to release Plaintiff absent direction from the court of originating jurisdiction." Resp. to Obj. at 5. This view is myopic and unavailing for two reasons.

First, it would permit them to detain someone without probable cause—even when they know they lack probable cause—indefinitely and without obligation to remedy a clear constitutional obligation. This the Court refuses to accept. Instead, once they determined he was arrested incorrectly, they had an obligation to take the steps necessary to release him. Moreover, as alleged in the complaint, they did ultimately release him once they determined the warrant was intended for the other Smith. The complaint lacks any reference to the involvement of a judicial or law enforcement officer at the time. It therefore appears they in fact could, and did, release him without outside involvement.

Second, although *Manuel* is imprecise as to the exact role of the defendants in that plaintiff's wrongful detention, the Court was clear: "The Fourth Amendment . . . establishes the minimum constitutional 'standards and procedures' not just for arrest but also for ensuing 'detention.'" 580 U.S. at 365 (quoting *Gerstein*, 420 U.S. at 111). It also explained the plaintiff "could bring a claim for wrongful arrest" without probable cause and also "for wrongful detention—because [the plaintiff's] subsequent weeks in custody were also unsupported by probable cause, and so also constitutionally unreasonable." 580 U.S. at 368 (emphasis omitted).

Therefore, *Manuel* holds one who detains another without probable cause—as opposed to arrests someone without probable cause—may be subject to liability under § 1983. Accordingly, Richland County and Jail Defendants' argument must be rejected, and the Court declines to dismiss this claim on this ground.

***3. Whether qualified immunity bars Smith's Fourth Amendment claim***

Richland County and Jail Defendants assert in their motion to dismiss they are entitled to qualified immunity. Motion at 16. They correctly recite the applicable legal principles:

> [T]he doctrine of qualified immunity shields government officials "from liability for civil damages" for the deprivation of federal rights so long as "their conduct does not violate clearly established

> statutory or constitutional rights of which a reasonable person would have known."

*Tarashuk v. Givens*, 53 F.4th 154, 162 (4th Cir. 2022) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

On review of a claim of qualified immunity, there is a two-part inquiry: "(1) whether the alleged facts, when viewed in the light most favorable to the party asserting the injury, demonstrate that the official's conduct violated a federal right; and (2) whether such right was 'clearly established' at the time of the alleged violation." *Id.* (quoting *Harlow*, 457 U.S. at 818). "[T]he burden is on the official claiming immunity to demonstrate his entitlement." *Dennis v. Sparks*, 449 U.S. 24, 29 (1980).

Richland County and Jail Defendants argue—with shocking brevity—Plaintiff fails both prongs. Motion at 16. They first insist he "fails to plead a recognized federal right that the ASGDC Defendants have violated" because there "is no recognized right of a detainee to have detention center officers and staff inject themselves into the criminal justice system and unilaterally make a judgment on the sufficiency of the evidence in a detainee's underlying case." Motion at 16. Second, Richland County and Jail Defendants argue merely, "[s]ince there is no such right, it cannot have been 'clearly established' as required by law." Motion at 16.

These arguments fail for the reasons explained above: *Manuel* clearly holds a plaintiff can state a Fourth Amendment claim "not merely for his (pre-legal-process) arrest, but also for his (post-legal-process) pretrial detention." *Manuel*, 580 U.S. at 368. Perhaps the jail employees lack the authority to, as they frame it, "unilaterally" release those detained under facially valid warrants, even if they subsequently determine they lack probable cause to do continued detention. But as explained, they always have an obligation to respect the Constitution's safeguards for its citizens, and they lacked the authority to hold Plaintiff without probable cause for his detention.

Plaintiff alleges he was brought into the jail bearing little-to-no resemblance to the man identified in the warrant underlying his arrest. He is several inches shorter, weighs less, lacks the easily observable tattoos the other man was known to have, and objectively looks different than the Smith whose photograph appears in the arrest warrant. In the face of such an obvious potential problem—one Plaintiff alleges he and others repeatedly pointed out—they may bear some responsibility for his wrongful detention.

As for the argument the right "cannot have been 'clearly established,'" defendants fail to present any further argument on this point whatsoever. They assert in their motion merely Plaintiff has failed to allege a constitutional violation. Because the Court rejects the argument, the defendants have failed to meet their burden of proving entitlement to the defense at this stage. *See Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022) ("In the Fourth Circuit, we have a split burden of proof for the qualified-immunity defense. The plaintiff bears the burden on the first prong, and the officer bears the burden on the second prong [whether the right was clearly established.]").

At this stage, taking all reasonable inferences in Plaintiff's favor, the Court is unable to say qualified immunity bars his claim. Therefore, for all the reasons stated above, the Court will deny the motion to dismiss in this respect.

***D. Whether Plaintiff states a § 1983 claim for a Fourteenth Amendment violation***

The Magistrate Judge recommends all of Plaintiff's § 1983 claims be dismissed on the basis of *Baker v. McCollan*, 443 U.S. 137 (1979). In *Baker* the Supreme Court considered a § 1983 claim brought under the Due Process Clause for an arrest and detention based on the plaintiff's mistaken identity. 443 U.S. at 140-41. Many of the facts in *Baker* are very similar to those alleged in this case, so it is appropriate to discuss the case in detail. As already determined, however, the Court declines to adopt this recommendation as to Plaintiff's Fourth Amendment allegation.

In *Baker* the plaintiff was detained following a traffic stop based on an arrest warrant in his name. 443 U.S. at 141. Unknown at the time, the warrant had been issued only because the plaintiff's brother had stolen the plaintiff's identity and falsely provided it to police. 443 U.S. at 140-41. So, although the warrant was in the plaintiff's name, it was intended for his brother. *See id.*

Despite the plaintiff's insistence there had been a mistake, he was placed in the local jail on December 30, 1972. *Id.* "He remained there until January 2, 1973, when officials compared his appearance against a file photograph of the wanted man and, recognizing their error, released him." *Id.*

Importantly, the plaintiff brought only a narrow claim under § 1983 for an alleged violation of the Fourteenth Amendment. 443 U.S. at 141. Specifically, the plaintiff asserted his rights under the Fourteenth Amendment were violated by "the intentional failure to investigate and determine that the wrong man was imprisoned." 443 U.S. at 143.

Ultimately, the Court rejected the claim because it was "quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation" of liberty without due process of law. 443 U.S. at 145. It explained,

> Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim.

*Baker*, 443 U.S. at 145-46.

Here, the Magistrate Judge believed *Baker* precludes all of Plaintiff's claims because he "does not assert facts raising plausible claims in connection with any alleged noncompliance with post-arrest, pre-trial procedures such as a speedy trial or prompt court appearance." Report at 7.

Plaintiff objects for several reasons. As an initial matter, Plaintiffs' attempts to distinguish his case from the facts in *Baker* are unavailing. The Court is unable to identify any legal import to the fact "this is not a case of identity theft and fraud" or because "the detention lasted ten days rather than three[.]" Obj. at 10. Those objections must be overruled.

But, Plaintiff also alleged and argues he was arrested and detained without probable cause. This difference does matter. In *Baker* the Court expressly assumed the arrest was valid and there was initially probable cause to detain the plaintiff. *See Baker*, 443 U.S. at 144 ("[The plaintiff] was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment."). As this Court has already explained, Plaintiff presents a legitimate challenge to his arrest and the probable cause determination underlying it and his subsequent detention. Therefore, *Baker*—although relevant—is properly distinguished, so the Court declines to dismiss this claim as well. This objection will also be sustained.

To the extent the defendants argue they are entitled to qualified immunity on this point, the argument is rejected for the same reasons given above.

***E. Whether Plaintiff states a § 1983 claim for an Eighth Amendment violation***

Finally, in the complaint Plaintiff asserts a claim for violation of the Eighth Amendment under § 1983. Compl. p.24. In Richland County and Jail Defendants' motion to dismiss, they failed to particularly address this allegation in any way whatsoever. The Report is therefore silent on this point.

There is reason to doubt the validity of this claim given Plaintiff's charges were dismissed. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt . . . ."). Nonetheless, as the defendants failed to raise this issue, the Court merely notes the claim survives.

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court will sustain the objections in part and overrule them in part, and it adopts the Report and incorporates it herein to the extent it is consistent with this Order.

Accordingly, the Newton County Defendants' motions to dismiss are **DENIED**. Richland County and Jail Defendants' motion to dismiss is **GRANTED** as to the claims under state law, and it is **DENIED** as to the claims under federal law.

The case is therefore **REMANDED** to the Magistrate Judge for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Signed this 17th day of September 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE